FILED
CLERK
10:22 am, Mar 16, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY'S CUSTOM CLOSETS, INC., ANTHONY'S CUSTOM CLOSETS OF ATLANTA, LLC and ANTHONY'S CUSTOM CLOSETS OF FLORIDA, INC.,<br><br>Plaintiffs,<br><br>-against-<br><br>ROBERT CAPOCCI, MICHAEL GERAGHTY, NTA HOLDING CORP., INTERIOR SPECIALTIES GROUP, INC., NORTHERN SPECIALTIES GROUP, INC., ISLAND INTERIORS CUSTOM CONTRACTING CORPORATION, ROBERT LAURIE, DENISE ZUROWSKI and JOHN DOES 1-10,<br><br>Defendants. | **ORDER GRANTING A DEFAULT JUDGMENT AGAINST PLAINTIFFS IN ACTION 1 AND DEFENDANT IN ACTION 2**<br><br>Case No. 15-CV-00977 (GRB)<br><br>Action 1 |
| ROBERT CAPOCCI, MICHAEL GERAGHTY, and NORTHERN SPECIALTIES GROUP, INC., d/b/a INTERIOR SPECIALTIES GROUP,<br><br>Plaintiffs,<br><br>-against-<br><br>ANTHONY PERGOLA,<br><br>Defendant. | Action 2 |

**GARY R. BROWN, United States District Judge**

In this consolidated action (Order Granting Consolidation of Action 1 and Action 2 entered October 21, 2015) the Defendants Robert Capocci, Michael Geraghty, NTA Holding Corp. and Northern Specialties Group Inc., d/b/a/ Interior Specialties Group, in Action 1 and Plaintiffs Robert Capocci, Michael Geraghty and Northern Specialties Group Inc., d/b/a Interior

Specialties Group (i/s/h/a Interior Specialties Group, Inc.) in Action 2 (collectively, "Defendants" or the "Capocci Parties")[1] moved by letter motion entered November 7, 2019 (ECF No.60), for sanctions pursuant to Fed. R. Civ. P. Sections 16(f)(C), 37(b)(2)(A)(v)-(vi) and 41(b) for an order, (1) dismissing, with prejudice, the Amended Complaint (ECF No.10) and claims asserted against the Defendants in Action 1 by Plaintiffs Anthony's Custom Closets, Inc., Anthony's Custom Closets of Atlanta, LLC and Anthony's Custom Closets of Florida Inc. (collectively, "Plaintiffs" or "Anthony's Closets"), (2) rendering a default judgment against Plaintiffs with respect to the counterclaims asserted by Defendants in Action 1 (ECF No.18) and (3) rendering a default judgment against Anthony Pergola ("Pergola" and together with Plaintiffs, the "Pergola Parties") in Action 2 with respect to the claims asserted by Robert Capocci, Michael Geraghty and Northern Specialties Group, Inc. d/b/a Interior Specialties Group (the, "Action 2 Plaintiffs"; ECF No. 1 in Action 2).

By Order entered on February 14, 2020 the Court granted the subject motion for sanctions on the merits and as unopposed.

Rule 16(f) states, in pertinent part, "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party or its attorney…(c) fails to obey a scheduling or other pretrial order. "Although preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purposes of Rule 37 as a credible deterrent rather than a paper tiger." Update Art, Inc. v. Modiin Publishing, LTD, 843 F.2d 67, 71 (2d Cir. 1988); See also, Carter v. Jablonsky, 121 Fed.Appx. 888, 889 (2d Cir. 2005) ("We have recognized the propriety of a dismissal sanction where a party fails to comply with court orders 'willfully, in bad faith, or through

---

[1] The claims asserted against Defendants Island Interiors Custom Contracting Corporation, Robert Laurie and Denise Zurowski in Action 1 were voluntarily dismissed pursuant to Stipulation of Dismissal filed on April 15, 2019 (ECF No. 56)

2

fault'.").

Rule 41(b) states, in pertinent part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." Link v Wabash Railroad Co., 370 U.S. 626, 629-630 (1962).

Courts in this District apply a five-part test when deciding whether to dismiss an action for failure to prosecute under Rule 41(b): "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Walker v. Local 32 BJ Service Employees International Union, 16-cv-695 (NGG), 2016 WL 6996137, at *1 (E.D.N.Y. November 28, 2016).

**Liability**

The Pergola Parties' default constitutes "an admission of all well-pleaded allegations against the defaulting party.' Vermont Teddy Bear Co. v 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). Nevertheless, the Court is "required to determine whether the [Capocci Parties'] allegations establish [the Pergola Parties'] liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 85 (2d Cir. 2009). Based upon examination of the Counterclaims asserted in the Answer of the Defendants Robert Capocci, Michael Geraghty, NTA Holding Corp. and Northern

Specialties Group Inc., d/b/a/ Interior Specialties Group, in Action 1, and Plaintiffs Robert Capocci, Michael Geraghty and Northern Specialties Group Inc., d/b/a Interior Specialties Group in Action 2, and the motion papers, I find that Defendants in Action 1 and Plaintiffs in Action 2 have demonstrated that the uncontroverted allegations, without more, establish the liability of (i) Plaintiffs Anthony's Custom Closets, Inc., Anthony's Custom Closets of Atlanta, LLC and Anthony's Custom Closets of Florida Inc. with respect to the Counterclaims asserted by Defendants in Action 1 and (ii) Anthony Pergola, individually, with respect to the Claims asserted by Robert Capocci, Michael Geraghty and Northern Specialties Group, Inc. d/b/a Interior Specialties Group in Action 2, on the following causes of action.

    A. Common Law Fraud;

    B. Defamation;

    C. Tortious Interference with Contract, Existing and Prospective Business Relationships;

    D. Breach of Contract in favor of Robert Capocci and Michael Geraghty;

    E. Breach of Fiduciary Duty and Implied Covenant of Good Faith and Fair Dealing;

    F. Intentional Infliction of Emotional Distress; and

    G. Injunctive Relief to compel and accounting.

**<u>Damages</u>**

Based upon a review of the Declarations and other documentary evidence, <u>see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) (holding a court may rely upon affidavits and documents in calculating damages upon default), I find that the Cappoci Parties have established damages in the following amounts:

      To Robert Capocci: $595,410.78
      To Michael Geraghty: $595,410.78

With prejudgment interest of nine percent (9%) from January 1, 2014 which the court deems a reasonable intermediate date.[2] The interest at 9% per annum on the $595,410.78 damage amounts awarded equals $53,586.97 per year with per diem interest of $146.81. The pre-judgment interest amount from January 1, 2014 to December 31, 2019, equals $321,521.82 with per diem interest from January 1, 2020 to March 13, 2020 (73 days) of $10,717.13 for total pre-judgment interest in the amount of $332,238.95. The Court also awards post judgment interest in accordance with 28 U.S.C. 1961(a).

IT IS HEREBY ORDERED AND ADJUDGED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation.

IT IS FURTHER ORDERED AND ADJUDGED, that the Capocci Parties' motion for sanctions is granted in its entirety upon default and the claims asserted by Plaintiffs Anthony's Custom Closets, Inc., Anthony's Custom Closets of Atlanta, LLC and Anthony's Custom Closets of Florida Inc. against Robert Capocci, Michael Geraghty, NTA Holding Corp. and Northern Specialties Group, Inc. d/b/a Interior Specialties Group in the Amended Complaint filed herein, in Action 1 are dismissed in their entirety and in whole part, with prejudice.

IT IS FURTHER ORDERED that Robert Capocci, Michael Geraghty, NTA Holding

---

[2] Where claims involve a breach of contract the Plaintiff is entitled to 9% per annum pre-judgment interest. In addition, when damages are such that they are incurred over a period of time interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date. N.Y. McKinney's C.P.L.R. 5001. Liberty Mutual Insurance Co. v. Fast Lane Car Service, Inc., 681 F.Supp.2d 340 (E.D.N.Y. 2010). *See also,* Israel v. Benefit Concepts New York, Inc., 9 Fed. Appx.43 (2d. Cir. 2001) (Award of prejudgment interest calculated from a reasonable intermediate date.).

Corp. and Northern Specialties Group, Inc. d/b/a Interior Specialties Group have judgment by default against Plaintiffs Anthony's Custom Closets, Inc., Anthony's Custom Closets of Atlanta, LLC and Anthony's Custom Closets of Florida Inc. with respect to each of the counterclaims asserted by them in Action 1 and with respect to each of the claims asserted by Robert Capocci, Michael Geraghty, and Northern Specialties Group, Inc. d/b/a Interior Specialties Group in their Complaint against Anthony Pergola in Action 2.

IT IS FURTHER ORDERED AND ADJUDGED, that Robert Capocci and Michael Geraghty each be awarded $595,410.78 in damages against Anthony's Custom Closets, Inc., Anthony's Custom Closets of Atlanta, LLC, Anthony's Custom Closets of Florida, Inc. and Anthony Pergola, jointly and severally, with pre-judgment interest in the amount of $332,238.95, and post judgment interest in accordance with 28 U.S.C. 1961(a).

IT IS FURTHER ORDERED AND ADJUDGED, that the Clerk of the Court shall enter Judgment as provided for herein and close this case.

**SO ORDERED**.

                                              ___/s Gary R. Brown_____
                                              GARY R. BROWN
                                              UNITED STATES DISTRICT JUDGE

Dated: March 16, 2020
      Central Islip, New York